IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

JOE LOUIS BROOKS, #83462                                          PLAINTIFF

VERSUS                            CIVIL ACTION NO. 4:08-cv-145-TSL-LRA

MAYOR JOHN ROBERT SMITH, et al.                                  DEFENDANTS

<u>OPINION AND ORDER</u>

This cause is before the court, <u>sua sponte</u>, for consideration of dismissal. Plaintiff, Joe Louis Brooks, an inmate currently confined in the South Mississippi Correctional Institution, Leakesville, Mississippi, filed this complaint pursuant to 42 U.S.C. § 1983. The named defendants are Mayor John Robert Smith, City of Meridian Police Department, Terrell Thompson, Dareall Thompson, Mark Chandlee, Thermon Buchanan, Unknown Cantwell, Thad Ford, Gladys Price McWilliams, John Nelson and Michel Phillips. On February 26, 2009, the court entered an order [5] directing plaintiff to file a written response providing specific information regarding his claims. Plaintiff filed his response [7] on March 13, 2009.

<u>Background</u>

On May 30, 2007, plaintiff was convicted of felony D.U.I. by the Lauderdale County Circuit Court and sentenced as a habitual offender to serve five years' imprisonment without "reduction, suspension, probation, parole, or any type of early release." <u>Brooks v. State of Mississippi</u>, 2008 WL 2581851, at *1 (Miss. App. July 1, 2008). Plaintiff's complaint focuses on his belief

that the underlying convictions relied upon to sentence him as a habitual offender in 2007 are the result of harassment by the named defendants.  Plaintiff asserts various challenges, generally factual in nature, to his previous arrests and convictions beginning with the alleged dismissal of four misdemeanor charges in 1988, continuing with 1993 and 2004 felony convictions and culminating with his current imprisonment for the 2007 felony D.U.I. conviction.

In plaintiff's response to the court's order for more information, plaintiff states that he is "sending evidence with the underlined false statements made by my accusers . . ." Resp. [3], p.1.  Plaintiff's response also consists of copies of his appellate brief with portions of the factual history underlined and labeled "false," along with a copy of the Mississippi Court of Appeals opinion, the Mississippi Supreme Court order denying his Writ of Certiorari and the mandate issued by the Mississippi Court of Appeals for his current conviction.  In sum, plaintiff is alleging that his constitutional rights were violated because his criminal convictions contain factual discrepancies which are based on biased conduct by the defendants resulting in his current illegal confinement.  As relief, plaintiff requests "liberty" from incarceration and monetary damages.  Comp. [1], p.7.

Analysis

Title 28 U.S.C. Section 1915(e)(2)[1] "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). See also Denton v. Hernandez, 504 U.S. 25, 32 (1992); Macias v. Raul A., 23 F.3d 94, 97 (5th Cir. 1994). "A district court may dismiss an in forma pauperis proceeding as frivolous under 28 U.S.C. § 1915(d) whenever it appears that the claim's realistic chance of ultimate success is slight or the claim has no arguable basis in law or fact." Henson-El v. Rogers, 923 F.2d 51, 53 (5th Cir.), cert. denied, 501 U.S. 1235(1991). See also Neitzke, 490 U.S. at 325; Parker v. Carpenter, 978 F.2d 190, 191 n.1 (5th Cir. 1992); Ancar v. Sara Plasma, Inc., 964 F.2d 465, 468 (5th Cir. 1992); Henthorn v. Swinson, 955 F.2d 351, 352 (5th Cir.), cert. denied, 504 U.S. 988 (1992). "[I]n an action proceeding under Section 1915(d), [a

---

[1] Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--

    (A) the allegation of poverty is untrue; or
    (B) the action or appeal--
        (i)   is frivolous or malicious;
        (ii) fails to state a claim on which relief
       may be granted; or
        (iii)    seeks monetary relief against a
       defendant who is immune from such relief.

federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed" or raised in the pleadings on file. Ali v. Higgs, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." Id. As discussed below, plaintiff cannot maintain this action pursuant to 42 U.S.C. § 1983 against the named defendants.

### Claims

Initially, this court must decide whether plaintiff should pursue this matter as a request for habeas corpus relief or as a civil rights action pursuant to 42 U.S.C. § 1983. Section 1983 is an appropriate legal vehicle to attack unconstitutional prison procedures or conditions of confinement. Carson v. Johnson, 112 F.3d 818, 820 (5th Cir. 1997)(citing Cook v. Texas Dept. of Crim. Just. Planning Dep't., 37 F.3d 166, 168 (5th Cir. 1994)). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. Id. (citing Pugh v. Parish of St. Tammany, 875 F.2d 436, 439 (5th Cir. 1989)). If plaintiff's claims are proven and this court grants the requested relief, it could result in plaintiff's receiving an early release from custody. Therefore, to the extent the plaintiff is seeking his release from custody, his

4

claims are not properly pursued in a § 1983 action and will be dismissed.[2]

To the extent plaintiff is seeking monetary damages, this court finds that plaintiff's claims are precluded by the Supreme court's ruling in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the court addressed whether a claim for monetary damages which essentially challenges plaintiff's conviction or imprisonment is cognizable under 42 U.S.C. § 1983. The court held that such a claim is not cognizable under that statute:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily *imply* the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnotes omitted)(emphasis added). See also Boyd v. Biggers, 31 F.3d 279, 284-85 (5th Cir. 1994).

---

[2] This court notes that plaintiff is currently challenging his felony D.U.I. conviction and sentence in a § 2254 habeas corpus case filed in this court as civil action number 4:08-cv-144-TSL-LRA.

If the court were to find in plaintiff's favor and determine that his constitutional rights were violated by the defendants' alleged actions, it would necessarily imply the invalidity of his current confinement. In addition, the plaintiff has failed to demonstrate that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." Id at 487. Thus, plaintiff's claims for monetary damages are barred by Heck v. Humphrey at this time. Therefore, this cause of action filed pursuant to § 1983 will be dismissed.

## Conclusion

As discussed above, plaintiff's claims are not cognizable under 42 U.S.C. § 1983 at this time. Consequently, this case will be dismissed for failure to state a claim upon which relief may be granted, with prejudice, under 28 U.S.C. § 1915(e)(2)(B)(ii).[3] To the extent that plaintiff is seeking habeas relief, his claims are dismissed without prejudice.

## Three-strikes provision

Since this case shall be dismissed pursuant to 28 U.S.C. §

---

[3] See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996), claims barred by Heck are properly dismissed with prejudice "until the Heck conditions are met."

6

1915 (e)(2)(B)(ii), it will be counted as a "strike".[4]  If the plaintiff receives "three strikes" he will be denied in forma pauperis status and will be required to pay the full filing fee to file a civil action or appeal.

A final judgment in accordance with this opinion and order will be entered.

SO ORDERED, this the  28th   day of May, 2009.


/s/Tom S. Lee
UNITED STATES DISTRICT JUDGE

---

[4]Title 28 Section 1915(g) states:

> "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."